MASON, Circuit Judge
(dissents).
I would discharge the writ. The activities of the labor union were imminently violent and as such affronts to public order and safety. As such, they are, in my opinion, an exception to the doctrine of exclusive jurisdiction in the National Labor Relations Board. The state trial court had jurisdiction, after notice to the union, as was the case here, to enjoin acts which were conducive to violence, if continued. This was not the case of an ex parte order being entered without opportunity to the union to present evidence to contradict the claim of imminent violence presented by the employer. On the contrary, notice was given the union of the hearing and it appeared with counsel before the Court prior to the restraining order being issued, but it offered no evidence to rebut that of the employer. The record here indicates the serious possibility of violence occurring if not prevented by a restraining order issued by the Court in the exercise of the state’s police power. Under such circumstances, I do not believe that the employer should be put to the position of resorting to “selfhelp” against the pickets to try to provoke the union to charge it with an unfair labor practice in order to secure an evaluation of the picketing by the National Labor Relations Board.